**Andrew M. Schpak**, OSB No. 044080
aschpak@barran.com
**Missy C. Oakley,** OSB No. 212470
moakley@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| CASEY CARAHER, DMD, | **Case No. 3:23-cv-00267-JR** |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |
| ARROW DENTAL LLC and MODA HEALTH SERVICES, LLC, | |
| Defendants. | |

Defendants Arrow Dental LLC ("Arrow Dental") and Moda Health Services, LLC (collectively "Defendants"), in Answer to Plaintiff's Complaint ("Complaint"), state as follows. To the extent not expressly admitted, all allegations as stated in Plaintiff's Complaint are denied.

**FACTS COMMON TO ALL CLAIMS**

1.

Defendants admit that Plaintiff is a natural person, and Arrow Dental hired Plaintiff on April 30, 2018. Defendants lack sufficient information to admit or deny whether Plaintiff is a resident of the State of Oregon and County of Multnomah and whether Plaintiff holds a license to practice dentistry in the State of Oregon, and therefore deny the same. Except as expressly

Page 1 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

admitted, Defendants deny the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendants admit Arrow Dental is a business entity organized according to the laws of the State of Oregon and present and doing business in the State of Oregon and County of Clackamas. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of Plaintiff's Complaint. Defendant Moda Health Services, LLC lacks capacity to be sued. On January 11, 2021, Moda Health Services, LLC filed articles of dissolution with the Oregon Secretary of State. As a result, Moda Health Services, LLC no longer exists and is listed as an inactive business entity on the Oregon Secretary of State website.

4.

Defendants deny the allegations contained in paragraph 4 of Plaintiff's Complaint. Defendant Moda Health Services, LLC lacks capacity to be sued. On January 11, 2021, Moda Health Services, LLC filed articles of dissolution with the Oregon Secretary of State. As a result, Moda Health Services, LLC no longer exists and is listed as an inactive business entity on the Oregon Secretary of State website.

5.

Defendants admit Plaintiff was hired by Arrow Dental in the State of Oregon on April 30, 2018. Defendants admit Plaintiff's resume indicates that she received a Doctor of Medicine in Dentistry. Defendants admit Plaintiff was employed by Arrow Dental as a dentist who worked primarily at its Milwaukie location. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

/ / /

Page 2 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

6.

Defendants admit that Plaintiff primarily worked at its Milwaukie clinic with one female dentist, Kerry Csiga ("Dr. Csiga") and one male dentist, Daryl Khaw ("Dr. Khaw"). Defendants admit that Plaintiff became licensed to practice dentistry in 2015 and began working for Arrow Dental on April 30, 2018. Defendants admit that Dr. Csiga became licensed to practice dentistry in 2015 and began working for Arrow Dental in 2016. Defendants admit that Dr. Khaw became licensed to practice dentistry in 2016 and began working for Arrow Dental on April 30, 2018. Defendants admit that Dr. Csiga began working for Arrow Dental approximately two years before Plaintiff and Dr. Khaw. Defendants admit that Plaintiff had an additional year of professional experience and licensure as a dentist as compared to Dr. Khaw. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendants admit that prior to March 2020, Dr. Khaw received more pay than Plaintiff and Dr. Csiga because Plaintiff and Dr. Csiga worked four days a week and Dr. Khaw worked five days a week. Defendants admit that in March 2020 it was forced to temporarily close all its Arrow Dental clinic locations because of the COVID-19 pandemic. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendants admit that in March 2020, Plaintiff, Dr. Csiga, and Dr. Khaw were all expected to work 10-hour workdays, and that Dr. Khaw's daily rate was based off him working 2600 hours per year whereas Plaintiff and Dr. Csiga's daily rates were based off them working 2080 hours per year. Defendants admit that Dr. Khaw resigned in September 2021. Defendants admit Plaintiff resigned, and her last day of employment with Arrow Dental was January 5, 2022. Defendants lack sufficient knowledge to admit or deny whether, beginning on or around August 2020, and continuing through August 2021, Dr. Khaw worked one day a week for another employer. Defendants admit that in April 2021, Dr. Khaw informed them that he was working another

Page 3 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

position one day a week. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

The first sentence of paragraph 9 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Defendants deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendants lack sufficient information to admit or deny the allegations in paragraph 10, and therefore deny the same.

11.

Defendants admit part of Plaintiff's compensation package included pre-tax retirement account contributions from Arrow Dental, which, once eligible, Plaintiff had the ability to contribute up to the annual maximum established by the IRS. Arrow Dental's contributions are 3% of the base compensation given quarterly. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendants admit Plaintiff received 90% employer-paid medical and dental benefits and her domestic partner received 75% employer-paid medical and dental benefits. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

The last sentence of paragraph 13 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Defendants deny the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

/ / /

/ / /

Page 4 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

14.

Defendants lack sufficient information to admit or deny the allegations in paragraph 14 as to whether Plaintiff sought treatment, and therefore deny the same. Defendants deny the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendants admit that, on or about April 15, 2021, and, on or about April 29, 2021, Plaintiff and Dr. Csiga met with Human Resources Business Partner Nichole Barney ("Ms. Barney") and raised concerns regarding the pay differential between their salaries and Dr. Khaw's salary. The last sentence of paragraph 16 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

## VIOLATION OF OREGON REVISED STATUTE ORS 652.220

## (DISCRIMINATORY COMPENSATION PRACTICES ON THE BASIS OF SEX)

## AGAINST ALL DEFENDANTS

18.

In answer to paragraph 18 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 17 above as if fully set forth herein.

19.

Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

/ / /

/ / /

Page 5 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

20.

The last sentence of paragraph 20 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Defendants deny the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

The last sentence of paragraph 21 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Defendants deny the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendants lack sufficient information to admit or deny the allegations in paragraph 22 as to whether Plaintiff sought treatment, and therefore deny the same. Defendants deny the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendants admit that, on or about April 15, 2021, and, on or about April 29, 2021, Plaintiff and Dr. Csiga met with Ms. Barney and raised concerns regarding the pay differential between their salaries and Dr. Khaw's salary. The last sentence of paragraph 24 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendants admit Plaintiff sought administrative relief from the Oregon Bureau of Labor and Industries and the Federal Equal Employment Opportunity Commission prior to filing the

Page 6 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Complaint. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 26 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

## VIOLATION OF OREGON REVISED STATUTE 659A.030(1)(b)

## (DISCRIMINATION ON THE BASIS OF SEX)

## AGAINST ALL DEFENDANTS

27.

In answer to paragraph 27 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 26 above as if fully set forth herein.

28.

Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

The last sentence of paragraph 29 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Defendants deny the remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

The last sentence of paragraph 30 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Defendants deny the remaining allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

Defendants lack sufficient information to admit or deny the allegations in paragraph 31 as to whether Plaintiff sought treatment, and therefore deny the same. Defendants deny the remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

/ / /

Page 7 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

33.

Defendants admit that, on or about April 15, 2021, and, on or about April 29, 2021, Plaintiff and Dr. Csiga met with Ms. Barney and raised concerns regarding the pay differential between their salaries and Dr. Khaw's salary. The last sentence of paragraph 33 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 33 of Plaintiff's Complaint.

34.

Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

Defendants admit Plaintiff sought administrative relief from the Oregon Bureau of Labor and Industries and the Federal Equal Employment Opportunity Commission prior to filing the Complaint. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 35 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION

### VIOLATION OF 29 U.S.C. § 206(d)

### (FEDERAL EQUAL PAY ACT)

### AGAINST ALL DEFENDANTS

36.

In answer to paragraph 36 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 35 above as if fully set forth herein.

37.

Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

/ / /

/ / /

/ / /

Page 8 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

38.

The last sentence of paragraph 38 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Defendants deny the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39.

The last sentence of paragraph 39 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Defendants deny the remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

40.

Defendants lack sufficient information to admit or deny the allegations in paragraph 40 as to whether Plaintiff sought treatment, and therefore deny the same. Defendants deny the remaining allegations contained in paragraph 40 of Plaintiff's Complaint.

41.

Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.

Defendants admit that, on or about April 15, 2021, and, on or about April 29, 2021, Plaintiff and Dr. Csiga met with Ms. Barney and raised concerns regarding the pay differential between their salaries and Dr. Khaw's salary. The last sentence of paragraph 42 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 42 of Plaintiff's Complaint.

43.

Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.

Defendants admit Plaintiff sought administrative relief from the Oregon Bureau of Labor and Industries and the Federal Equal Employment Opportunity Commission prior to filing the

Page 9 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Complaint. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 44 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 2000e-2

## (FEDERAL CIVIL RIGHTS ACT)

## AGAINST ALL DEFENDANTS

### 45.

In answer to paragraph 45 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 44 above as if fully set forth herein.

### 46.

Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

### 47.

The last sentence of paragraph 47 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Defendants deny the remaining allegations contained in paragraph 47 of Plaintiff's Complaint.

### 48.

The last sentence of paragraph 48 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Defendants deny the remaining allegations contained in paragraph 48 of Plaintiff's Complaint.

### 49.

Defendants lack sufficient information to admit or deny the allegations in paragraph 49 as to whether Plaintiff sought treatment, and therefore deny the same. Defendants deny the remaining allegations contained in paragraph 49 of Plaintiff's Complaint.

### 50.

Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

/ / /

Page 10 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

51.

Defendants admit that, on or about April 15, 2021, and, on or about April 29, 2021, Plaintiff and Dr. Csiga met with Ms. Barney and raised concerns regarding the pay differential between their salaries and Dr. Khaw's salary. The last sentence of paragraph 51 calls for no response. To the extent that it does call for a response, Defendants deny the allegations. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 51 of Plaintiff's Complaint.

52.

Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.

Defendants admit Plaintiff sought administrative relief from the Oregon Bureau of Labor and Industries and the Federal Equal Employment Opportunity Commission prior to filing the Complaint. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 53 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

## VIOLATION OF ORS 652.220

## LIQUIDATED DAMAGES FOR UNPAID EARNED WAGES

## AGAINST ALL DEFENDANTS

54.

In answer to paragraph 54 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 53 above as if fully set forth herein.

55.

Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.

Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

/ / /

Page 11 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

57.

Defendants deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION

## VIOLATION OF 26 U.S.C. § 206(d)(1)

## (LIQUIDATED DAMAGES FOR UNPAID EARNED WAGES)

## AGAINST ALL DEFENDANTS

58.

In answer to paragraph 58 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 57 above as if fully set forth herein.

59.

Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.

Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.

Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, and without assuming the burden of proof, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

62.

Plaintiff has failed to state facts sufficient to state a claim on each of her six claims for relief, alleging violations of the Oregon Equal Pay Act, the Federal Equal Pay Act of 1963, unlawful employment practices in violation of ORS 659A.030, and unlawful employment practices in violation 42 U.S.C. § 2000e-2.

/ / /

Page 12 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

63.

Recovery by Plaintiff is barred, in whole or in part, by virtue of her failure to exercise reasonable care to mitigate any alleged damages.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Causation)

64.

Recovery by Plaintiff of any economic damages is barred in its entirety because Plaintiff cannot show that such damages arose from the conduct of Defendants or its agents.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Comparable Character)

65.

Plaintiff's pay equity claims fail because she was not performing work of comparable character to any comparator employee. Accordingly, any comparison in pay is improper for pay equity analysis purposes under applicable law.

## FIFTH AFFIRMATIVE DEFENSE

### (Bona Fide Factors)

66.

Plaintiff's pay equity claims fail because any pay discrepancy between her and any male comparator is justified by one or more of the bona fide factors enumerated under OAR 839-008-0015.

/ / /

/ / /

/ / /

/ / /

Page 13 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

67.

At all times relevant to this action, Defendants engaged in good faith efforts to comply with any and all laws related to the causes of action alleged by Plaintiff in her Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

68.

Defendants reserve the right to allege additional affirmative defenses and to add counterclaims if and when they become apparent during discovery.

## EIGHTH AFFIRMATIVE DEFENSE

### (Pay Equity Analysis)

69.

In the last three years, Defendants have conducted a compensation study which qualifies to limit or reduce the amount of damages which Plaintiff can recover on her claims for relief alleging violations of the state and federal Equal Pay Act.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Capacity)

70.

Defendant Moda Health Services, LLC lacks capacity to be sued. On January 11, 2021, Moda Health Services, LLC filed articles of dissolution with the Oregon Secretary of State. As a result, Moda Health Services, LLC no longer exists and is listed as an inactive business entity on the Oregon Secretary of State website.

/ / /

/ / /

/ / /

Page 14 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1.      For Plaintiff to be denied the relief requested in the Complaint and that the Complaint be dismissed in its entirety and with prejudice;

2.      For judgment in favor of Defendants on all claims for relief;

3.      For an award of Defendants' reasonable costs, attorneys' fees, and disbursements incurred herein; and

4.      For such relief as the Court deems just, equitable, and proper.


DATED this 3rd day of March 2023.

BARRAN LIEBMAN LLP


By s/ *Andrew M. Schpak*
        Andrew M. Schpak, OSB No. 044080
        aschpak@barran.com
        Missy C. Oakley**,** OSB No. 212470
        moakley@barran.com

        Attorneys for Defendants

Page 15 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March 2023, I served the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** on the following party at the following addresses:

> Erik Gunderson
> Gunderson Employment Law
> 707 SW Washington St., Ste. 1410
> Portland, Oregon 97205
> erikg@gundersonemploymentlaw.com
>
> Attorney for Plaintiff

by the following indicated method(s) set forth below:

☑ Electronically by the court's eFiling system pursuant to UTCR 21.100 at the parties' email addresses as recorded on the date of service in the eFiling system

☐ Email

☐ First-class mail, postage prepaid

☐ Hand Delivery

☐ Facsimile

_s/ Andrew M. Schpak_
Andrew M. Schpak

PAGE 1 – CERTIFICATE OF SERVICE